IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

OCT 18 2013

CLERK, US DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CIVIL ACTION NO. 2:13cv86

GLENN H. BRUNNER, and
BRENDA T. BRUNNER

Defendants.

## *AMENDED MEMORANDUM OPINION AND ORDER*

Before the Court is Plaintiff United States' Motion for Summary Judgment on its ejectment claim against Defendants Glenn and Brenda Brunner. Having carefully considered the parties' pleadings, this matter is now ripe for disposition. For the reasons set forth herein, Plaintiff's Motion for Summary Judgment is **GRANTED**.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff United States seeks ejectment of Defendants Glenn and Brenda Brunner ("Defendants" or "the Brunners") from the 6.2 acre parcel of land owned by the United States and formerly leased to Defendants. The Brunners purchased the land in 1990 with a mortgage loan provided by the Farmers Home Administration of the Department of Agriculture, now the Farm Services Agency (FSA). The Brunners defaulted on the loan and the property was foreclosed and deeded to the United States on November 16, 2007. The Brunners were allowed to remain on a 6.2 acre parcel of the land under the Homestead Protection Program, which allows previous owners to lease their foreclosed farms from the FSA.

1

The initial lease was for a five year term starting May 1, 2009 at $18,000 annual rent. The Brunners did not pay rent for the first year when it became due on April 30, 2010. They were notified by the FSA on June 7, 2010 that their lease was being terminated for failure to pay rent. On October 12, 2010, the Brunners filed an appeal with the Department of Agriculture's National Appeals Division (NAD) to challenge the method used to calculate the rental amount and invalidate the lease for failure to include an option to purchase provision. The NAD found the appeal of the rental amount untimely but decided that the lease was defective for failing to offer the Brunners an option to purchase. The Brunners were offered an amended lease on November 29, 2010, which they also successfully appealed since the lease included conflicting terms. The Brunners were offered a second amended lease on June 4, 2011, which they signed. On June 15, 2011, the FSA sent the Brunners a demand that the rent owed be paid by July 15, 2011. On July 18, 2011, the FSA mailed a Notice of Lease Termination to the Brunners and gave them thirty days to vacate the property. The Brunners appealed the lease termination to a NAD Hearing Officer on October 26, 2011 and then again to a NAD Director on March 23, 2013. Both appeal decisions upheld the lease termination.

The Brunners assert that because the United States recorded a quick claim agricultural use only ban on the property, they were unable to sell the land and were forced to file for bankruptcy. The Brunners also state that the FSA first quoted a $700-$900 monthly rent range and do not believe they should be required to pay $18,000 annually, especially since the FSA failed to make repairs to their home, the house has no heating or cooling systems, the floors and walls are rotting and caving in, and half of the electrical outlets do not work.

The United States filed a complaint for ejectment and now moves for Summary Judgment and waives oral argument. The United States wishes to reserve the right to seek judgment for the

defaulted payments. The Brunners have a separate discrimination claim pending against the Department of Agriculture.

## II. LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a); *see also McKinney v. Bd of Trustees of Md. Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992) ("[S]ummary judgments should be granted in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the fact is not necessary to clarify the application of the law.") (citations omitted). In deciding a motion for summary judgment, the court must view the facts, and inferences to be drawn from the facts, in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 586-87 (internal quotations omitted). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice." *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985), *abrogated on other grounds by*, *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989); *see also Ash v. United Parcel Serv., Inc.*,

800 F.2d 409, 411-12 (4th Cir. 1986) (noting that the nonmoving party must offer more than unsupported speculation to withstand a motion for summary judgment).

## III. DISCUSSION

The United States seeks to eject the Brunners from its land pursuant to Virginia Code § 8.01-133, which empowers a party with the right to possession to name any occupier of those premises as a defendant in a civil action of ejectment. *Providence Prop., Inc. v. United Virginia Bank/Seaboard Nat'l, Trustee*, 219 Va. 735, 748 (1979). *See also Catholic Bishop of Nesqually v. Gibbon*, 158 U.S. 155, 170 (1985) (holding that all leases for a definite term have an express or implied covenant that the lessee will vacate the leasehold at the expiration or termination of the lease); *Prudential Ins. Co. of Amer. v. United States*, 801 F.2d 1295, 1299 (Fed. Cir. 1986) (noting that there is an implied contractual duty to vacate the premises at the expiration of the lease unless there is an express clause to the contrary). In order to eject a defendant, the plaintiff has the burden of proving he has good title and the right to possession of the property. *Providence Prop., Inc.*, 219 Va. at 744.

The parties do not dispute the United States' title to the property. However, the United States argues that it has a right to possess the property since its termination of the Brunners' lease was lawful. Under the federal regulations for the Homestead Protection Program, the FSA "may terminate the lease if the lessee does not cure any lease defaults within 30 days of Agency notification." 7 C.F.R. § 766.154(d). Defendants have never paid rent and have not demonstrated an intent to cure their default.

The Brunners contest the United States' right to possess the property. First, the Brunners contend that they should not be ejected for failure to pay rent because the FSA did not make repairs as required under landlord-tenant law. However, the leases the parties signed expressly

provide that the property is leased in its "as is" condition, the lessee is responsible for maintaining the property, and the lessee waives his or her right to make offsets from rent for repairs or improvements unless prior written approval of lessor is given. (Dkt. 9-2, ¶5, 2). *See also* 7 C.F.R. § 766.154(b)(4) (explaining that Homestead Protection Program lessees agree to "make lease payments on time and maintain the property"). The United States is not responsible for damages or repairs to the leasehold and its failure to keep maintenance does not prohibit the termination of the lease or bar an ejectment action.

Second, the Brunners argue that they should not be ejected for failure to pay rent because the lease amount does not represent the true value of their home as required by federal regulations of the Homestead Protection Program. Under the applicable regulation, when a lease is executed under the Homestead Protection Program, "[t]he amount of rent will be based on equivalent rents charged for similar residential properties in the area in which the dwelling is located." *See* 7 C.F.R. § 766.154(b)(1). However, the Brunners' appeal of the rent amount was not timely because it was not made within thirty days of the notification of the rent calculation. 7 C.F.R. § 11.6(b)(1). Even if the appeal of the rental amount was timely and could be reviewed, the Brunners have not provided concrete proof that $18,000 annual rent is not equivalent to rent charged for similar properties in the same area. This dispute over rental amount does not present a sufficient challenge to the United States' termination of the lease or right to possess the property.

## IV. CONCLUSION

The Defendants have offered nonmeritorious justifications for their nonpayment of rent, including the dilapidated condition of the leasehold, multiple unlawful leases and inflated rental amount. These justifications do not invalidate the termination of their lease or entitle them to

continue to possess land owned by the United States. The Defendants have not demonstrated that there are genuine issues as to any material facts regarding the United States' title to the property, right to possess the land or ejectment cause of action; thus, as a matter of law, the United States has met its burden of showing that it has the statutory right to bring an ejectment action against Defendants and that it has right to possession of the property.

For the above reasons, the Motion for Summary Judgment is **GRANTED**. The Defendants are ordered to **VACATE** the property within twenty (20) days of the date of this Order or such later date agreed on by the parties.

The Court **ADVISES** Defendants that they may appeal from this Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Unites States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk must receive this written notice within sixty (60) days from this Order's date.

The Clerk is **DIRECTED** to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
October /8, 2013

Raymond A. Jackson
United States District Judge